## ACH et v HOWARD

Ohio Appeals, 1st Dist, Hamilton Co

No 4693.   Decided Feb 18, 1935

Louis J. Schneider, Cincinnati, Walter M. Locke, Cincinnati, and Greg H. Williams, Cincinnati, for plaintiffs in error.

Alfred Pfau, Cincinnati, for defendant in error.

**416**

## OPINION

By ROSS, PJ.

There is evidence that the bridge in question had been repaired from time to time in a temporary fashion, that it had been constructed many years before the occurrence in question, that a heavy layer of reinforced concrete had been super-imposed upon the original sub-structure without strengthening the supports, that for some months just previous to the day on which it collapsed, a crack in the concrete had been gradually widening and lengthening until it reached entirely across the bridge; that this defect, indicating a change in the stress and strain upon the bridge was obvious to anyone passing over the bridge, that the abutments were cracked and indicated that they were settling. The entire floor of the bridge fell into the creek below, and the cantilever supports on one side either gave way or were carried down with the floor.

It thus appears that sufficient obvious defects were apparent for a sufficient time to cause the commissioners to be aware that the bridge was out of repair.

Whether or not the faults existing in the bridge impaired its safety for a reasonable use by vehicular traffic is not made to appear. There is strong evidence to the effect that it had not been so impaired. This evidence is noted by the plaintiff. It consists of credible testimony that up to the date of the collapse of the bridge was constantly used by trucks and other vehicles carrying heavy loads.

We are not convinced that upon the question of the negligence of the county commissioners the verdict was against the weight of the evidence. On the other hand we do conclude there was almost conclusive proof of contributory negligence on the part of the driver of the truck.

The evidence shows that nine men worked from 8:30, A. M. until 10:00, A. M., loading 300 pieces of granite blocks, consisting of quarters, halves, and three quarters, that a full sized block weighed twenty-eight pounds, that after the collapse of the bridge, three truck loads were taken out by the city, consisting of a full load, a 2½ ton load, and the third between ½ and ¾ of a load on a 2½ ton truck. The minimum weight of the rock must have exceeded three tons. The truck weighed 15,940 pounds, or over seven tons. The weight of the men, all of whom, there was evidence to indicate were average weight, must have been considerably more than a ½ ton. Thus the total weight carried in and by the truck, including its own weight, exceeded ten tons. Sec 7246, GC, provides as follows:

"No traction engine or steam roller, and no vehicle, equipped with solid rubber tires, upon which construction equipment is permanently mounted and attached, weighing in excess of twelve tons, and no trailer, semi-trailer, wagon, truck, automobile truck, commercial tractor, or other vehicle, whether propelled by muscular or motor power, weighing in excess of ten tons, including weight of vehicle and load, shall be operated over and upon the improved public highways and streets, bridges or culverts within the state, except as provided in this chapter.

"This provision shall not apply to vehicles run upon rails or tracks or to fire engines, fire trucks or other vehicles or apparatus belonging to any municipal or volunteer fire department or used by such department in the discharge of its functions, or to any trailer, semi-trailer, wagon, truck, automobile truck, commercial tractor, or other vehicle, whether propelled by muscular or motor power, weighing not more than twelve tons, including weight of vehicle and load, when equipped with pneumatic tires. No object shall be moved over or upon such streets, highways, bridges or culverts upon wheels, rollers or otherwise, except as provided in this chapter, in excess of a total weight of twelve tons, including weight of vehicle, object or contrivance, and load."

The plaintiff manifestly violated the provisions of this statute and was guilty of negligence in so doing.

Our conclusion is, that the verdict is manifestly against the weight of the evidence upon the issue of contributory negligence.

The judgment is therefore reversed and the cause remanded to the Court of Common Pleas for a new trial.

MATTHEWS and HAMILTON, JJ, concur.